AMELIA R. CHAPIN *vs.* HOLYOKE YOUNG MEN'S CHRISTIAN ASSOCIATION.

Hampden.    September 25, 1895. — February 27, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Social and Charitable Organization — Negligence.*

If, while much of the work of a corporation, which has no capital stock and applies all its revenues to the purposes of its organization, is of a charitable nature, its purposes are also social and include the giving of lectures and of theatrical and other entertainments for the benefit of its members, the provision of a gymnasium and of athletic sports for promoting their health and the sale of food at a coffee or lunch counter, it has no right to exemption from liability for injuries occasioned by its own negligence to persons rightly òn its premises.

TORT, for personal injuries occasioned to the plaintiff on April 23, 1892, by the giving way of some of the supports of the flooring of a building which the defendant was erecting, the plaintiff being present at the dedicatory services of the building by the defendant's invitation. The defendant was a corporation organized under Pub. Sts. c. 115, had no capital stock, and applied all its revenues to the purposes of its organization.

At the trial in the Superior Court, before *Dewey, J.*, the plaintiff offered to prove certain facts which are stated in the opinion. The judge ruled that on the offer of proof the action could not be maintained, on the ground that the defendant was a public charitable corporation, directed a verdict for the defendant, and reported the case for the determination of this court. If the ruling was correct, the verdict was to stand, and judgment was to be entered thereon ; otherwise, there was to be a new trial.

*W. H. Brooks,* ( *W. Hamilton* with him,) for the plaintiff.

*G. D. Robinson,* for the defendant.

BARKER, J. ' The report shows that while much of the work of the defendant corporation is of a charitable nature, its purposes are also social, and include the giving of lectures and of theatrical and other entertainments for the benefit of its members, the provision of a gymnasium and of athletic sports for promoting their health, and the sale of food at a coffee or lunch counter. In these respects the defendant is not a public charitable corporation, but one established for the peculiar benefit of its members. For this reason the case is not governed by *McDonald* v. *Massachusetts General Hospital*, 120 Mass. 432. The defendant has no right to exemption from liability for such negligence as the evidence stated in the report tended to show, but, like a religious society, is liable therefor. See *Davis* v. *Central Congregational Society*, 129 Mass. 367 ; *Donnelly* v. *Boston Catholic Cemetery Association*, 146 Mass. 163.

*Verdict set aside, and new trial granted.*