CASE 34.—ACTION BY ED BUCHANAN AGAINST ILLINOIS
CENTRAL RY. CO., FOR DAMAGES FOR NEGLI-
GENT TREATMENT BY SURGEONS AND ATTEND-
ANTS IN THE RAILROAD COMPANY'S HOSPITAL
AT PADUCAH, KY. ON PETITION FOR REHEARING
JUNE 25, 1907. FOR ORIGINAL OPINION SEE 27
KY. LAW REP., 1193; 88 S. W., 312.

## Illinois Cent. Ry. Co. v. Buchanan

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

On petition for rehearing.—Reversed.

Charities—Hospitals—Negligence—Injury to Employe—Negligence
of Employer.—A railroad hospital organization was organized
as a corporation independent of defendant railroad; its direc-
tors being certain officers of the railroad. All employes of
the railroad were, as such, members thereof, supporting the
hospital by monthly contributions. No profit was derived by
the railroad company from the conduct or operation of the
hospital. The physicians, surgeons and nurses in charge were
selected by the directors and officers. Held, that for failure
to select skilful and competent physicians and attendants
defendant was liable to an employe injured by reason thereof.

TRABUE, DOOLAN & COX for appellant.

J. M. DICKINSON, GORDON & GORDON and COX of counsel.

### POINTS AND AUTHORITIES.

1. There was no contract between plaintiff and defendant for
"proper treatment:" Union Pac. R. R. Co. v. Artist, 65 Fed. Rep.,
365; 23 L. R. A., 581; Richardson v. Carbon Hill Coal Co. (Wash-
ington), 20 L. R. A., 338.

2. The hospital association is a charitable institution and is
governed by the principles of law applicable to such institutions:

Illinois Cent. Ry. Co. v. Buchanan.

Articles of Incorporation, Illinois Central Railroad Hospital Association, attached to transcript of testimony; Union Pac. R. R. Co. v. Artist, 60 Fed. Rep., 365; 23 L. R. A., 581; McDonald v. Massachusetts General Hospital, 120 Mass., 432; 21 American State Rep., 529; Fire Ins. Patrol v. Boyd, 120 Pa., 624; 1 L. R. A., 417; Van Tassel v. Manhattan Eye and Ear Inf., 15 N. Y. Supp., 620, and note; Glavin v. Rhode Island Hospital, 12 R. I., 411; 34 Am. Rep., 657; Laubheim v. De Koninglyke Nederlandsche Stoomboot Maatschappy, 107 N. Y., 228; Secord v. St. Paul M. & M. R. R. Co., 18 Fed., 221; Richardson v. Carbon Hill Coal Co., 6 Washington, 524; 20 L. R. A., 338; Williamson, by, etc., v. Louisville Industrial School of Reform, 15 Ky. Law Rep., 629; 23 L. R. A., 200; Eighmy v. Pac. Ry. Co. (Iowa), 27 L. R A., 296; Allan v. State Steamship Co., 132 N. Y., 91; 15 L. R. A., 166; Herns v. Waterbury Hospital (Conn.), 31 L. R. A., 224; Hill v. Boston, 122 Mass., 344; 23 Am. Rep., 332; Powers v. Mass., etc., Hospital, 109 Fed., 294.

3.   There would be no liability upon the railroad company, even should the court hold that the surgeons attending plaintiff were surgeons of the railroad company for the reason that the relation of master and servant does not exist: L. & N. R. R. Co. v. Foard, 104 Ky., 456; Quinn v. Kansas City M. & B. R. R. Co., 30 S. W., 1036; Robinson v. Webb, 11 Bush, 464; O'Brien v. Cunard, etc., Co., 28 N. E., 266; P., C., C. & St. L. Ry. Co. v. Sullivan, 27 L. R. A., 840; Pearl v. Street Ry. Co. (Mass.), 47 L. R. A., 397.

C. J. WADDILL for appellee.

PROPOSITIONS DISCUSSED.

Appellant owed appellee as its employe under the facts of this case the legal duty to furnish him proper treatment at its hospital and is responsible for injury caused by improper treatment.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Appellant has established at Paducah, Ky., a hospital, known as the "Illinois Central Railroad Hospital," to which are sent as a part of its system of policy all sick, disabled, and injured employes on the lines of its road in the vicinity of Paducah.   It was

incorporated under the laws of Kentucky, and its directors and officers are taken from the chief officers of the railroad company, and the physicians, surgeons, and nurses in charge are selected by these directors and officers. It does not appear that any profit or gain is derived by the railroad company from the conduct or operation of the hospital. It is supported by monthly contributions exacted from the employes of the company, who are entitled to admission.

Appellee, an employe entitled to admission, was injured in the service of appellant, and sent to the hospital for treatment. In this action he sought to recover damages from appellant upon the ground that the surgeons and attendants who waited upon and cared for him during the time he was confined in the hospital were incompetent and unskilled, and treated his wounds in an unskillful and grossly negligent manner, causing him to suffer great mental and physical pain and incur large expense in attempting to remedy the injuries he received by the negligence and carelessness of the persons who had charge of him. Appellant answered, controverting the matter in the petition, and affirmatively set up that the hospital was a corporation and entirely independent of the railroad company, and the railroad company was not responsible for the acts or conduct of any of the persons in charge of it. Upon a trial of the case, a verdict was returned in favor of the appellee, and the railroad company prosecutes this appeal. The case is now before us on a petition for rehearing; the judgmnt of the lower court having been reversed by this court in an opinion which may be found in 88 S. W. 312, 27 Ky. Law Rep. 1193.

We gather from the record, and the principal opin-

ion of this court, as well as a dissenting opinion found in 88 S. W. 312, 27 Ky. Law Rep. 1215, that the principal question litigated between the parties was whether or not the railroad company was liable at all; this court in the principal opinion saying: "There is no evidence showing that the Illinois Central Railroad Company made any contract with appellee, Buchanan, that he would be properly and skillfully treated by proper and skillful surgeons and attendants. The fact that the hospital association was organized for that purpose does not tend to prove that the appellant made such a contract with the appellee. The Illinois Central Railroad Company is simply the agent, and gathers the funds for the benefit of the hospital association, consequently for the benefit of its members. Doubtless the Illinois Central Railroad Company was indirectly benefited by its employes having proper and humane treatment at the hospital prepared for them; but that incidental benefit can not raise the question suggested, or make it liable for the act of the servant or agent of an independent corporation. Our conclusion is that the hospital corporation is a separate and distinct corporation from the Illinois Central Railroad Company, and that the latter has no financial interest in the result of its management, and in no way is it liable for the conduct of its directors, or physicians, or attendants at the hospital. The appellee is a member of the hospital association, and those in charge of it in part serve it and his interests, and he contributes to help pay the expenses of those performing that service and for the care and treatment of his associate employes. A peremptory instruction should have been given to the jury to find for appellant."

Upon a reconsideration of the questions at issue,

we have reached a different conclusion from that announced in the opinion heretofore delivered. Although it may be true that the railroad company derives no personal or pecuniary benefit or gain from the conduct and operation of the hospital, yet it manages and controls it, and exacts from its employes sufficient funds to defray at least in part the expenses incurred in its operation. The employes thus contributing have the right to demand admission when injured in the service of the railroad company; but they have no voice in the selection of the physicians, surgeons, or other attendants in charge of the hospital. All of these persons are appointed by the railroad company; and, although the railroad company is not liable in damages for the negligence and carelessness of unskillfulness of any of its surgeons, phyicians, or attendants in charge in their treatment and care of the employes received into the hospital, yet it is obliged to exercise reasonable care in the selection of the persons who have charge of the patients; and, if it fails to select skillful and competent surgeons, physicians, and attendants, it may be required to respond in damages to any employe who has been injured by such incompetent or unskillful physicians, surgeons, or attendants. When the railroad company employs competent and skillful people, the measure of its duty to its employes is discharged. If these persons should be guilty of malpractice or other acts of negligence, the party injured by reason thereof must look to the individual causing the injury, and not to the railroad company. This view of the duty and obligation of the railroad company is fully supported by the opinion in Louisville & Nashville Railroad Company v. Foard, 104 Ky. 456, 47 S. W. 342, 30 Ky. Law Rep. 646, where an employe

sought to recover damages from the railroad company for the negligent manner in which the physicians furnished by it treated his wounds. The court said: "The appellant was in no way responsible for the acts of the physician, or for his neglect of appellee, unless it be shown that appellant was careless and negligent in his selection, and that he was incompetent. In the employment by a railroad company of its surgeons to attend to persons injured by its trains, the relation of master and servant, principal and agent, does not exist And, if the railroad company is careful and selects suitable surgeons, it is not responsible for their neglect or malpractice. There is no pretense that appellant was careless or negligent in the selection of this physician and surgeon, or that he was in any way incompetent, and the court should not have permitted appellee to prove the misconduct, neglect or maltreatment of the physician." In Union Pacific Railroad Company v. Artist, 60 Fed. 365, 9 C. C. A. 14, 23 L. R. A. 581, the same rule is announced in a strong opinion by Judge Sanborn, who said: "It would be a hard rule, indeed, a rule calculated to repress the charitable instincts of men, that would compel those who have freely furnished such accommodations and services to pay for the negligence or mistakes of physicians or attendants that they had selected with reasonable care. No such rule has ever prevailed in this country. The rule is that those who furnish hospital accommodations and medical attendants, not for the purpose of making profit thereby, but out of charity, or in the course of the administration of a charitable enterprise, are not liable for the malpractice of the physicians or the negligence of the attendants they employ; but are responsible only for their own want of ordinary care in selecting them." The doctrine

announced in these cases is in harmony with the current of authority upon the subject, and seems to us to be sound in principle. As the selection or appointment of persons in charge of the hospital is lodged entirely in the railroad company, they should be charged with the duty of exercising reasonable care in their selection, and held responsible for a failure in this respect. But, when they have in the exercise of reasonable care employed competent and skillful physicians and attendants, it would seriously interfere with the establishment of institutions of this character to hold them responsible for every specific act of malpractice or negligence that they might be guilty of. Of course, this view is based on the assumption that the railroad company does not derive any pecuniary profit or gain from the conduct of the institution. If such were the case, a different standard of responsibility would be established.

In addtion to the instructions given on the former trial, the court on another trial of the case should instruct the jury in substance that, if they believe from the evidence that the railroad company or its agents selected or appointed the physicians, surgeons, or attendants at the hospital, then it was its duty to exercise reasonable care in selecting and appointing persons competent and skillful in the profession or business for which they were employed, and, if it failed to exercise reasonable care and skill in this respect, and Buchanan was injured by reason thereof, they should find for him.

Either party should be allowed to file such amended pleadings as may be necessary to fairly present this new issue.

The former opinion of this court is withdrawn, and the judgment of the lower court is reversed, with

directions for a new trial in conformity with this opinion.