## Ballard v. C. & O. Railway Co.

(Decided September 21, 1911.)

### Appeal from Lewis Circuit Court.

Physicians—Liability of Person Who Gratuitously Furnishes an Incompetent One.—A person or company employing a physician, who by its directions renders gratuitous service, is not liable for his specific acts of malpractice, if reasonable care in his selection is exercised to secure the services of a competent and skillful

physician, unless after his incompetency or unfitness becomes known or in the exercise of reasonable care should have been known, he is retained.

ALLAN D. COLE for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

The appellant had a foot crushed by one of appellee's trains. He was treated gratuitously by a physician in the employment of the company, and brought this action against the company to recover damages for malpractice on the part of its physician in failing to treat in a proper manner his injured foot. Upon the conclusion of the evidence for appellant, the trial judge directed a verdict for appellee. The correctness of the ruling of the trial court depends upon the question whether or not the evidence in behalf of appellant authorized a submission of the case to the jury.

There was no obligation upon the part of the appellee company to furnish appellant medical treatment. Nor was it under any duty to do so. He was not at the time of his injury an employe of the company, and the evidence leaves the impression that his purpose when injured was to steal a ride upon the moving train. But, whether he was trespassing or not is not material as the case for the appellant is put entirely upon the ground that the appellee company is responsible for the malpractice of a physician employed by it and who by its direction rendered to him gratuitous service. If an action for malpractice had been brought against the physician, there was evidence sufficient to take the case to the jury, but as it is sought to hold the company liable, an entirely different question is presented. In cases like this the settled rule is that the person or company employing a physician, who by its direction renders gratuitous service, is not liable for his specific acts of negligence or malpractice if reasonable care in his selection was exercised to secure the services of a competent and skillful physician, unless, after his incompetency or unfitness becomes known, or in the exercise of reasonable care should have been known, he is retained. Therefore, before liability attaches to the person furnishing a physician to render gratuitous service, there must be some

evidence showing the existence of two things: First, Negligence or malpractice on the part of the physician in the treatment of the case under his control, and second: That the person furnishing the physician failed to exercise reasonable care to select a competent and skillful physician, or after he knew or could by the exercise of reasonable care have known of his unfitness or incompetency, retained him. If there is a failure of proof on either of these propositions, the person seeking a recovery against the person furnishing the physician must fail. In L. & N. R. R. Co. v. Foard, 104 Ky., 456, the court, speaking on this point, said:

"The appellant was in no way responsible for the acts of the physician or for his neglect of the appellee, unless it be shown that appellant was careless and negligent in his selection and that he was incompetent. In the employment of a railroad company of its surgeons to attend the persons injured by its trains, the relation of master and servant, and principal and agent, does not exist; and if the railroad company is careful and selects suitable surgeons, it is not responsible for their neglect or malpractice." To the same effect is Illinois Central R. Co. v. Buchanan, 126 Ky., 288; Quinn v. Railroad Company, 94 Tenn., 713; 45 Am. St. Rep., 767; Powers v. Massachusetts Homeopathic Hospital, 109 Fed. Rep., 294; 65 L. R. A., 372; Pittsburg R. Co. v. Sullivan, 141 Indiana 83, 50 Am. St. Rep., 313.

But the argument is made that the rule of law stated is only applicable to employers who being under a duty to do so furnish medical assistance to injured employes, and should not be extended to embrace a case like this, in which there was no duty to furnish medical attention. But it seems to us that there is less reason for holding a person who voluntarily and gratuitously, and without being under any duty to do so, responsible for the negligence or malpractice of a physician secured by him to give treatment to an injured person than there would be when the person furnishing the physician was under a duty to do so.

Looking now to the evidence upon the only issue in the case, we do not find that the appellee company was lacking in care in its employment of the physician who attended appellant, or in retaining him in its services. There is no evidence, except that relating to his treat-

ment of appellant, that tends to reflect upon his compe-tency or skill.

Wherefore, the judgment is affirmed.