## Worsham Brothers v. Worley.

(Decided June 21, 1927.)

### Appeal from Whitley Circuit Court.

1. Master and Servant.—Employer, not electing to operate, under Workmen's Compensation Act, to which subject under Ky. Stats., section 4880, cannot rely on plea of contributory negligence under section 4882, in action for injuries to employee.

2. Master and Servant.—In action against employer for injuries to employee, defendant's plea that injury was aggravated by plaintiff's failure properly to care for himself or to follow physician's advice held not a plea of contributory negligence, on which employer, not electing to operate under Workmen's Compensation Act, cannot rely, under Ky. Stats., section 4882.

3. Negligence.—Contributory negligence can exist only where there is negligence, and necessarily assumes negligence of defendant.

4. Damages.—In action against employer for injuries to employee, refusal of defendant's instruction on affirmative plea in answer that plaintiff's injury was aggravated by his failure properly to care for himself or to follow physician's advice held erroneous.

5. Appeal and Error.—An error, which does not prejudice the substantial rights of a party does not justify reversal, in view of Civil Code of Practice, section 756.

6. Appeal and Error.—In action against employer for injuries to employee, refusal of instruction on affirmative plea in answer that plaintiff's injury was aggravated by his failure properly to care for himself or to follow physician's advice held not prejudicial error, where evidence was sufficient to uphold verdict even if injury were so aggravated.

TYE & SILER for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This action was instituted for J. M. Worley, who was 17 years of age at the time of the injury complained of:

He was employed by the appellant as a laborer in the construction of a Baptist Church in Williamsburg. The appellee was directed by some one superior in authority to him to go under some timbers on a scaffold in the basement of the building, and to knock out some supports or props which were holding up other heavy timbers. These props rested on a plank, and the weight above had caused the plank to sag. When he knocked out the props, the plank on which he was standing sprang upward in the center, causing him to lose his balance. He fell to the floor, a distance of about 12 feet, and some of the timbers from above fell on him, seriously injuring his nose. It is alleged in the petition that appellee was inexperienced in the work which he was directed to do, and that he was working under the directions of a servant superior in authority to him; that appellant failed to furnish him a safe place in which to work or to properly instruct him as to his duties. All negligence or failure in the discharge of any duty placed on appellant was denied by answer, and contributory negligence was pleaded. By reply the appellee alleged that appellant was not entitled to rely on contributory negligence because, by the provisions of section 4880, Ky. Stats., the Workmen's Compensation Act applied to appellant, and that, under the provisions of section 4882, appellant having failed to accept the provisions of that act, he was deprived of his common-law defenses.

In an answer to an amended petition appellant pleaded that the injury to appellee at the time it occurred was neither serious nor permanent, and that, but for the neglect and failure of the appellee to take proper care of himself and to properly treat the injury after it was received, his injury would have been neither serious nor permanent. It is further alleged that, if appellee was permanently injured, such injury was the result of want of care on his part and failure to properly care for the injury when it was received and thereafter; that, if appellee was injured at all, his injury was greatly aggravated by the appellee's failure and refusal to properly treat and care for the injury and by his failure and refusal to follow the advice and instructions of his physician. These allegations in the answer to the amended petition were not denied by any pleading.

The jury returned a verdict in favor of appellee for $1,025.

Appellant complains of one thing only, and that is the failure of the court to give an instruction on the affirmative plea in the answer to the amended petition that the injury of appellee was aggravated by reason of his failure to properly care for himself or to follow the advice of his physician. Appellee makes the point that this was a plea of contributory negligence, and that appellant could not rely on a plea of contributory negligence because of the provisions of the Workmen's Compensation Act. If it was a plea of contributory negligence, appellee is correct, as the proof in this case establishes that appellant was subject to the provisions of the Workmen's Compensation Act, and that he had not elected to operate under it. Whether the plea is one of contributory negligence is another question. We do not agree with counsel for appellee that the plea was one of contributory negligence. Contributory negligence can only exist where there is negligence, and necessarily assumes negligence on the part of the defendant. There must first be negligence before there can be contributory negligence. Straight Creek Fuel Co. v. Mullins, 189 Ky. 661, 225 S. W. 776. The appellant in this case was not responsible for the failure of appellee to follow the advice of his physician, if he did fail. He had nothing to do with that matter, and, if he had nothing to do with the alleged failure of appellee to properly care for himself and follow the advice of his physician, it cannot be held that appellee was guilty of contributory negligence, as there was no negligence to which he could contribute. This indicates that the court should have given the instruction requested by appellant on this point, and if the failure of the court to give this instruction was prejudicial to the right of the appellant the case must be reversed. Counsel for appellant insist that the major portion of his injury was the result of his failure to follow advice of his physician and properly care for himself, and for that reason appellee was not entitled to recover for any greater proportion of the injury than was caused by the negligence of appellant. We have searched in vain for any substantial evidence in the record tending to show that the injury of appellee was aggravated to any material extent by his failure to follow the advice of a physician. His father was exceedingly solicitous, employing two or three physicians, and there is nothing to show that appellee failed in any respect to properly care for himself, except it was testified by one of the doctors

that he put splints in appellee's nose and that they were thereafter removed.   Appellee testified that he did not remove them but they were removed by a doctor.   The doctor stated that he did not remove them.   There is little proof in the record, if any at all, that these splints would have materially assisted in recovery.   It is true that one or two of the doctors stated that in their opinion it would have helped some.

This boy received a serious injury, and the amount of the recovery is small.   It is not disputed by appellant, at least not in the brief, that appellee was entitled to recover something for his injuries.   The plea itself on which appellant relies is not very definite and certain and might be termed nebulous.   An error which does not prejudice the substantial rights of a party does not justify the reversal of a case.   Section 756 of the Civil Code is authority to this court not to reverse a judgment unless there is an error to the prejudice of the substantial rights of the party complaining thereof.   In the case of Rice's Adm'r v. Kentucky Traction & Terminal Co., 209 Ky. 538, 273 S. W. 78, this court found that the instructions were not correct, but was of the opinion that the error in the instructions did not prejudice the substantial rights of the complaining party.   In the case of C., N. O. & T. P. Ry. Co. v. Prewitt's Adm'r, 203 Ky. 147, 262 S. W. 1, this court refused to reverse the case because the incompetent evidence was not prejudicial to the substantial rights of the complaining party.   In the case of McMillen & Hazen Co. v. Slusher, 145 Ky. 537, 140 S. W. 657, this court refused to reverse on account of error when from a consideration of the whole record the court was of the opinion that the verdict justly determined the controversy.   There are many other cases announcing the same doctrine.

The verdict of the jury in this case was just and righteous, and, conceding that the court was in error in failing to give the instruction offered, we are of the opinion that the evidence in the case is abundantly sufficient to uphold the verdict of the jury, even if it should be true that the injury was aggravated by a failure to follow the advice of appellee's physician.   The evidence on the point is in the record, and we are entirely convinced that, if the instruction asked for had been given, the verdict of the jury would not have been different.

Judgment is affirmed.