## Pikeville Methodist Hospital v. Donahoo.

(Decided October 25, 1927.)

### Appeal from Pike Circuit Court.

1. Hospitals.—A purely charitable hospital is not amenable to patients for any damages growing out of alleged negligence, though such negligence consists in violation of duty imposed by express or implied contract.

2. Hospitals.—Hospital sued for injuries to patient cannot take advantage of doctrine that purely charitable institution is not amenable to patients for damages resulting from negligence, in absence of allegation in petition or plea by it that it is a charitable institution.

3. Hospitals.—Refusal of instruction, warranted by evidence, in action against hospital for injuries to patient, to find for defendant if plaintiff was guilty of negligence, but for which his arm would not have been amputated, in violating doctor's instructions for prevention of infection after his discharge from hospital, held erroneous.

4. Hospitals.—Verdict against hospital, in suit for injuries to patient, held not supported by evidence, in absence of proof contradicting positive testimony of surgeon, alleged to have treated plaintiff's broken arm so negligently as to necessitate its amputation, that he was not employed by hospital.

STRATTON & STEPHENSON for appellant.

VANOVER & VANOVER and F. P. DAMRON for appellee.

In his petition appellee alleged that he was injured in January, 1925, as the result of a fall which broke and fractured his right arm between the elbow and the shoulder; that he was placed in the charge of appellant, Pikeville Methodist Hospital, and put in the care of Dr. W. C. Gardner for medical and surgical treatment; that Dr. Gardner, acting for himself and for the hospital, undertook to give him medical aid and surgical treatment for his broken arm, and that after having done so Dr. Gardner placed him in bed, and "unskillfully, negligently, carelessly, and unprofessionally placed upon the forearm and hand of plaintiff's said broken arm, an electric heating apparatus or appliance, which was placed so close to the plaintiff's said hand and arm, and permitted to and did remain in such position for several hours, with sufficient heat in said electric apparatus and appliance to and did burn and cremate the flesh on the said hand and arm, and that by reason of said burning and cremating, caused by the unskillful, negligent, careless, and unprofessional conduct and acts of the said Gardner, as aforesaid, the skin and flesh quickly fell from his said hand and arm, and that the said Gardner thereby was caused to and did wrongfully, unskillfully, and unprofessionally, amputate the said arm between the elbow and shoulder joint, all without consulting with plaintiff's physician, to wit, Dr. Z. A. Thompson, and without the consent and against the will of the platiniff." The negligence alleged in the petition is directed at the negligence of Dr. W. C. Gardner, and unless he was the agent or servant of appellant there is no negligence alleged against appellant hospital.

Dr. Gardner demurred to the petition, and the demurrer was overruled. He filed his answer, which is first a traverse, and in a second paragraph he affirmatively pleads that he was employed by the employer of Donahoo to render surgical aid to him, and that he did so by giving his injuries the necessary surgical attention in accordance with the generally accepted practices of modern surgery; that after having so treated the injuries of appellee he was discharged from the hospital; and that appellee himself was then guilty of such negligence and carelessness in failing and refusing to comply with the instructions given him as to bring about an infection which made necessary the amputation of his arm.

The Metal Products Company was the employer of appellee at the time of his injury and one Flynn was its superintendent in charge of the work, and it was Flynn, according to the allegations of Dr. Gardner, who employed him to give attention to appellee. This is denied by appellee in reply, and he further traversed the affirmative allegations in the answer.

Thereafter the appellant, Pikeville Methodist Hospital, filed its separate answer. The answer is a traverse of the petition, and in a second paragraph it alleged that appellee was placed in the hospital by the Metal Products Company, he was given surgical treatment by Dr. Gardner, who continued to treat him until he was discharged from the hospital. The answer further alleged that the arm of appellee was amputated because of the carelessness and negligence of appellee in failing to follow the instructions of Dr. Gardner, which resulted in an infection rendering the amputation necessary. A reply was filed in which the allegations of the second paragraph of the answer of the hospital were denied.

Before the trial the appellant interposed a general demurrer to the petition which was overruled. We learn from the briefs that the case was dismissed as to Dr. Gardner, and from the same source it appears that Dr. Gardner is dead. The case was tried as to the appellant, hospital, and resulted in a verdict in favor of appellee in the sum of $5,000.00. A motion was made after the verdict was returned for a judgment in favor of appellant notwithstanding the verdict, which motion was overruled.

There is no plea by appellant that it is a charitable institution, created, organized, and existing solely for charitable purposes, which purposes are the taking care of, nursing, and looking after the sick and wounded, but the charter of the corporation appears in the record, which shows that it was that character of institution. There is nothing to indicate how the charter was placed in the record. It is asserted by brief for appellant that the petition shows that it is a charitable institution, and, therefore, not liable in tort; but we find no such allegation in the petition. It is true that a purely charitable institution is not amenable to its patients for any damages which they may have sustained growing out of alleged negligence, although such negligence might consist in the violation by the hospital of some duty imposed either by an expressed or an implied contract. It was so held in

the case of Cook, Adm'r, et al. v. John N. Norton Memorial Infirmary, 180 Ky. 331, 202 S. W. 874, L. R. A. 1918E, 647. The reasons for the rule are fully set out in that opinion. Under the present state of the pleadings, however, appellant is not in position to take advantage of that doctrine.

Instruction No. 2 given by the court allowed a recovery by appellee if the jury believed from the evidence that the appellant by its agents, servants, or employees in charge of said hospital, negligently failed to use ordinary care to give appellee the reasonable service which his case required if, by reason of such negligent failure, if any, appellee was caused to or did suffer any mental or physical pain or suffering or the loss of his arm. The court refused to give an instruction offered by the appellant to the effect that if the jury believed from the evidence that appellee was negligent in that he violated the instructions of Dr. Gardner and as a result thereof his wounds became infected, and that his negligence contributed to his injury to such an extent that but for said negligence his arm would not have been amputated, the jury would find for appellant. Under the evidence in the case, the appellant was entitled to substantially this instruction, and it was error not to give it. Strictly speaking, it should not be denominated contributory negligence on the part of appellee if he failed to follow the instructions of the doctor, but if his failure to follow the instructions of his doctor was the cause of the amputation of his arm, the appellant should have had that defense presented to the jury. Worsham Brothers v. Worley, 220 Ky. 682, 295 S. W. 981.

The verdict of the jury is not supported by the evidence, as there could have been no verdict in favor of appellee unless the evidence disclosed that Dr. Gardner had charge of the hospital and was acting for it as its doctor and surgeon at the time he performed the operation. The proof does not show that he had charge of the hospital or that he was acting for the hospital at the time he rendered surgical assistance to appellee. In its humanitarian work the hospital accepts patients who are sent to it, and the doctors who perform operations in the hospital are not in charge of the hospital, and neither are they agents or employees of the hospital. We find no proof in the record which contradicts the positive

evidence of Dr. Gardner that he was not employed by the hospital.

We do not know what the proof on another trial may disclose. We do not know whether appellee will amend his petition in an effort to make such allegations of negligence as will render the hospital responsible under the present state of the answer, or whether appellant will avail itself of a plea that it is purely a charitable institution and, therefore, not responsible, although it may have been negligent, as alleged in the petition, and for that reason the case should be reversed for such proceedings as will enable both parties to have a trial on the merits.

Judgment reversed and cause remanded for proceedings consistent with this opinion.