## Averback v. Y. M. C. A. of Covington.

(Decided June 23, 1933.)

HUBBARD SCHWARTZ for appellant.

JOHN E. SHEPARD for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The question presented by this appeal is the liability of an organization conducted for purely public charity to a member of a class assembled at a swimming pool for the failure of the organization to protect such member from a personal injury suffered by coming in contact with a metal covering of a drain pipe used in connection with its premises.

On the 19th day of June, 1929, in the afternoon, between 2:30 and 3 o'clock, Ida Averback, a member of a swimming class, was using the swimming pool owned and conducted on its premises at Covington, Ky., by the Y. M. C. A. of Covington. She asserts that while rightfully using its pool, the small metal covering of the drain pipe was negligently left in a condition as to cause her to slip and fall while using the spring board to dive in the pool, and thereby her ankle struck the drain pipe covering and was broken in three separate places, causing her great pain and suffering; permanently injuring her ankle. A demurrer to the petition was overruled. The answer traversed the allegations of the petition, followed by averments setting forth the organization of the Y. M. C. A. and that it was a charitable institution organized and engaged in the improvement of the spiritual, mental, and physical conditions of young people, and that its swimming pool offered to them, services rendered by the association to the community at large, and to its members, including the plaintiff, and that it was maintained solely by the contributions of charitably

inclined persons, and that the income from its property was used solely for the purpose of enabling it to carry on its charitable work, and for no other purpose. These facts were presented as a bar to her recovery. Averback demurred to this paragraph of the answer. The court overruled the demurrer. She declined to plead further, and her petition was dismissed.

She is here insisting that the answer by the use of no language sets forth that the Y. M. C. A. "is purely charitable in its purpose," that the paragraph of the answer presenting the plea exonerating the association from liability to her fails to allege that that the association was granted permission by its charter to establish and maintain a swimming pool, and charge admission therefor. To support her contention she cites Farmers' & Traders' Bank v. Thixton, Millett & Co., 199 Ky. 69, 250 S. W. 504; Hind v. Cook & Co., 202 Ky. 526, 260 S. W. 349. Also for this purpose she quotes from Chapin v. Holyoke Y. M. C. A., 165 Mass. 280, 42 N. E. 1130, this language:

> "Since the purposes of the Young Men's Christian Association are social as well as charitable, and include the giving of lectures and other entertainments for the benefit of its members, the provision of a gymnasium for promoting their health, and the sale of food at a lunch counter, the association is not a public charitable corporation, and is hence not exempt from liability for negligence in the construction of a floor of its building, whereby one on the premises at its invitation was injured."

The question here presented is not one of first impression in this jurisdiction. The rule stated in Chapin v. Holyoke Y. M. C. A. has been heretofore presented to this court and disapproved and not followed. Cook, Adm'r v. Norton Memorial Infirmary, 180 Ky. 331, 202 S. W. 874, L. R. A. 1918E, 647, and cases cited. The Y. M. C. A. is "a charitable institution, not conducted for profit, * * * and whose income, whether derived from donations or from pay patrons, is devoted exclusively to the maintenance of the institution, is exempt from liability for the torts."

The fundamental basis of this rule was stated by this court in Williams' Adm'x v. Church Home for Females and Infirmary for Sick, 223 Ky. 355, 3 S. W. (2d) 753, 62 A. L. R. 721, in these words:

"Immunity from liability is usually based on three grounds: (1) Public policy; (2) the assets or funds of the institution are impressed with a trust for charitable purposes, and may not be diverted to other use; (3) those who voluntarily enter the institution * * * impliedly waive all claim for injuries and assume the risk thereof; and we have held that all three theories of nonliability are based on sound logic."

Williamson v. Industrial School of Reform, 95 Ky. 251, 24 S. W. 1065, 15 Ky. Law Rep. 629, 23 L. R. A. 200, 44 Am. St. Rep. 243; Illinois C. Ry. Co. v. Buchanan, 126 Ky. 288, 103 S. W. 272, 31 Ky. Law Rep. 722, 11 L. R. A. (N. S.) 711; University of Louisville v. Hammock, 127 Ky. 564, 106 S. W. 219, 32 Ky. Law Rep. 431, 14 L. R. A. (N. S.) 784, 128 Am. St. Rep. 355; Cook v. Norton Infirmary Co., 180 Ky. 331, 202 S. W. 874, L. R. A. 1918E, 647; Emery v. Jewish Hospital Ass'n, 193 Ky. 400, 236 S. W. 577; Pikeville Methodist Hospital v. Donahoo, 221 Ky. 538, 299 S. W. 159.

This rule is supported by text-writers and seemingly by every court of foreign jurisdiction except Massachusetts, Rhode Island, Maine, and perhaps one or more other states. But whatever may be the rule in other jurisdictions, it may now be regarded as the law of this state that an institution existing solely for charitable purposes, such as the Y. M. C. A., founded upon donations, is not liable to its members or patrons for negligence causing injury or death. The reasons therefor have been so often stated by this court in our prior opinions it is entirely unnecessary to reiterate, enlarge, or supplement them. The ruling of the circuit court being consistent with our views and supported by former opinions of this court, the judgment is affirmed.