# Phillips v. Reeves, Commissioner of Revenue

June 16, 1950.

Wm. B. Ardery, Judge.

Arthur T. Iler for appellant.

A. E. Funk, Attorney General, Hal Williams, Assistant Attorney General, and Robert F. Matthews, Jr., Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Affirming.

Appellant, Jake Phillips, a resident of McLean County, filed a petition in equity in the Franklin Circuit Court seeking to enjoin H. Clyde Reeves, Commissioner of Revenue for the Commonwealth of Kentucky, from forfeiting his automobile driver's license after a conviction on a charge of drunken driving. A general demurrer was sustained to the petition and when Phillips declined to plead further, the petition was dismissed and he appealed.

The petition avers that Edgar Redfern, Police Judge of Sacramento (which is a sixth class town) and L. W. Devine, Town Marshal of Sacramento, conspired together and jointly formulated a plan to defraud Phillips of $104 and his driver's license. That the marshal arrested Phillips on June 25, 1948, and took him to jail where the judge exhibited to him a "warrant of arrest" which was "in substance as follows: In the county aforesaid (McLean) unlawfully driving his car while drunk on June 24th, 1948." The petition further avers Phillips explained to the judge that he was not drunk the previous day when his car collided with a truck, but the accident was caused by a slippery shoulder on the road. The judge then announced, "You've already been proven guilty and the fine will be $100 and $4 costs;" when Phillips asked if the $104 would settle everything the judge indicated it would. Whereupon, Phillips gave the judge his check for $104 and then the judge asked him for his driver's license, explaining that it was necessary to get certain information therefrom in making his report. Phillips gave his license to the judge, who announced it was revoked. Phillips remonstrated and said he would appeal and the judge replied that it was too late as he had already paid his fine. The petition further avers that the judge failed to keep a judgment book as required by KRS 28.100 and deceived the commissioner of revenue by sending him an abstract of the judgment, knowing at the time there was no judgment of record.

It is elementary that a petition on demurrer will be construed most strongly against the pleader, Maxwell's Adm'x v. Louisville & N. R. Co., 243 Ky. 190, 47 S. W. 2d 1023, and the facts, not conclusions, must be pleaded, Begley v. Jones, 238 Ky. 239, 37 S. W. 2d 44. Appellant insists the warrant set out in the preceding paragraph did not charge him with a public offense

as it failed to state he was driving an automobile on the highway while drunk. However, it will be noted that Phillips did not incorporate the warrant in his petition, or make it a part thereof by filing same as an exhibit, but only set out what he averred was the substance of the warrant. This was a mere conclusion of the pleader. Instead of pleading the warrant "was in substance the following," he should have averred "the warrant in words and figures is" and then set out the contents of the warrant. It is patent his averment in the petition that when he paid $104 the judge indicated everything was settled is but a conclusion of the pleader.

It is true as argued by appellant in his brief that the Criminal Code of Practice Sec. 369 provides there shall be no appeal from a judgment of a county judge, or of a city, police or justice's court after it is satisfied, nor after sixty days from the rendition thereof. See Maggard v. Com., 201 Ky. 626, 257 S. W. 1009. However, appellant's petition did not state that he demanded the return of his check when the judge forfeited his license. It would appear from the petition appellant was agreeable to paying a fine of $100 and $4 court costs but only objected to the forfeiture of his driver's license.

It is provided in KRS 186.550 that the clerk, or the judge of any court which has no clerk, shall report on a form furnished by the department of revenue within fifteen days a conviction under the motor vehicle laws, and the court shall take up the license of persons convicted of any offense for which mandatory revocation is provided in KRS 186.560 and immediately forward the license to the department of revenue. When there is a conviction of an operator for driving a motor vehicle on the highway while under the influence of liquor it becomes mandatory under KRS 186.560 for the commissioner of revenue to revoke the driver's license of the offender. Therefore, the Police Judge of Sacramento could not do otherwise than to demand Phillips' driver's license and send it to the commissioner upon Phillips' conviction.

Appellant insists that as no certified copy of the judgment of his conviction was forwarded to the commissioner of revenue by the judge, the commissioner is without authority to revoke his license. It will be noted that the petition alleges that an abstract of the pur-

ported judgment was sent to the commissioner, and under KRS 186.550 this was all that was necessary.

We have reached the conclusion that the chancellor correctly sustained a general demurrer to the petition and his judgment dismissing it when appellant declined to plead further is affirmed.