## McMillen & Hazen Company v. Slusher, et al.

(Decided November 22, 1911.)

Appeal from Knox Circuit Court.

1. Breach of Contract—Pleading.—It is a well recognized rule that where a petition in an action for a breach of contract sets up an improper measure of damages, it is not ground for demurrer.

2. Verdict—Where it Justly Determines Controversy—Errors—When to be Disregarded.—Where the verdict justly determines the controversy, errors committed .by the lower court, which under other circumstances would justify a reversal, should be disregarded.

JAMES M. GILBERT, THOMAS D. TINSLEY for appellant.

POWERS, SAMPSON & SMITH, R. S. ROSE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant, a mercantile corporation, of Knoxville, Tennessee, sued the appellees, J. H. Slusher and T. J. Slusher, partners in the retail mercantile business in Knox County, Kentucky, upon an account of $236.52, and interest from January 1st, 1909, for a bill of rubber shoes sold them in the latter part of the summer of 1908, and delivered October 14th, 1908.

Appellees filed an answer and counterclaim, which was later amended, wherein they admitted the purchase of the rubber goods at $236.52, but denied their liability therefor upon the grounds, as alleged, that appellant, in selling them the goods, through its agent, Matlock, warranted them to be sound and of good merchantable quality, suited to the market in which appellees conducted business; that in addition to so warranting the goods, appellant, through its agent, Matlock, agreed, if any of them should prove to be unsound and not of good merchantable quality, suited to appellees' trade, it would, upon appellees returning them, replace such returned goods with others of the quality represented by their agent in making the sale to appellees.

It was further, in substance, alleged in the answer and counterclaim that after receiving the goods, appellees began to sell them in the usual course of trade, but soon learned that such of them as they sold were unsound and worthless; upon discovering which fact, they wrote advising appellant of their worthlessness, offering to return them, and asking that appellant replace

them with other rubber goods of the quality represented by their agent, Matlock; but that this letter was not answered by appellant, nor did it comply with its agreement to receive the unsound goods appellees offered to return or to replace them with others of the quality represented by its agent, Matlock; that following the writing of this letter and after satisfying themselves that all of the goods were unsound, not of merchantable value and unsuited for their trade, appellees boxed and returned them by railroad transportation to appellant at Knoxville, Tennessee.

The answer and counterclaim contained the further averments that in thus selling appellees the defective goods in question, and refusing to replace them with others of the quality contracted for by appellees, appellant committed a breach of the warranty made by its agent at the time of selling them the goods, whereby they were damaged in the sum of $250, for which they prayed judgment on their counterclaim.

The averments of the answer and counterclaim were denied by reply and the trial resulted in a verdict and judgment in appellant's favor for $21.10. Appellant being dissatisfied with the judgment, and refusal of the court to grant it a new trial, has appealed.

Appellant's first complaint is, that the court erred in overruling its demurrer to appellees' answer and counterclaim as amended. We find no error in this ruling. There was irrelevant matter in the pleading which might have been stricken out on motion, and two grounds or measures of damages alleged, with respect to which, appellees should have been required to elect, but neither motion was made by appellant.

It is a well recognized rule that where a petition in an action for breach of contract, sets up an improper measure of damages, it is not ground for demurrer. Pulaski Stave Co., et al. v. Millers Creek Lumber Co., 138 Ky., 372.

The evidence on the trial, as in all such hotly contested cases, was very conflicting, that of appellant being to the effect that there was no warranty in the sale of the goods to appellees other than that they were of the brand they contracted for, that the goods were not defective, that appellees inspected and accepted them when delivered and that they did not by letter or otherwise complain of them, or ask that they be replaced with other goods.

On the other hand, appellees' evidence conduced to prove the warranty as alleged, the unsoundness of the goods, the complaint thereof by letter, the request that appellant replace them, and the final return by them to appellant of all the goods remaining unsold. The unsoundness of the goods was, in part, also shown by the testimony of various purchasers of the goods. Appellees' testimony further tended to show that the defective quality of the goods could not be discovered by an ordinary inspection and could be learned only by subjecting them to use on the part of the purchasers of them, and that their knowledge of the defectiveness of the goods complained of was made in this way and as soon as such knowledge could reasonably be obtained, of which they at once made complaint. They further proved that had the goods been of the quality represented by appellant's agent on the sale, they would have made on the entire bill a profit of $60.00.

It appears from the evidence that appellees sold $81.10 worth of the goods they purchased from appellant, and in arriving at their verdict the jury charged appellees with this sum, but deducted from it the $60.00 profit their proof showed they would have made on all the goods purchased of appellant. This left the $21.10 allowed appellant by the verdict. It was evidently the opinion of the jury that as appellant did not in testifying deny the return of the goods appellees did not sell, appellees should not be charged with their value, which the evidence tended to show was $155.00, the difference between the price at which appellant sold the entire bill to appellees, and the $81.00 worth thereof sold by them.

We strongly incline to the opinion that the verdict justly determined the controversy; and this being true, errors committed by the lower court that under other circumstances would justify a reversal, should be disregarded.

Appellant's complaint of the instructions is, in some measure, well founded, but on the whole they were not so erroneous as to superinduce an unjust verdict, and this being true, it cannot complain that they did not in all respects conform to the law of the case.

Other grounds of complaint urged by appellant need not be discussed, as they are not material or prejudicial.

Being satisfied that the verdict was such as should have been returned, had there been no error in the instructions, the judgment is affirmed.