### Pugh v. Eberlein.

(Decided February 4, 1921.)

## Appeal from Laurel Circuit Court.

1. Trial—Instructions.—Brevity in statement and clarity of expression should be employed in the drafting of instructions.
2. Trial—Conduct of.—Courts should disregard such errors or mistakes as do not affect the substantial rights of the complaining party.
3. Appeal and Error—Instructions.—Inaptness of statement is not a reversible error where the instructions given are substantially correct.

4. Appeal and Error—Instructions.—Instructions if not prejudicial will not authorize a reversal unless so contrary to law and the evidence as to bring about an unjust verdict.

H. C. CLAY for appellant.

GEO. G. BROCK for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Recovery on a note for $1,000.00 was the relief sought in this action by the appellee. In the original petition judgment was asked against appellant individually and as trustee, but on motion, appellee elected to prosecute the action against appellant individually. Though the note was signed "W. A. Pugh, Trustee," it was alleged the maker was to be bound personally and not otherwise. This was denied in the answer, the defense being that appellant had executed the note as trustee for his grandchildren and it was so understood by the appellee. The note was executed in payment of stock in a motor car company. A jury having found against appellant, he has prosecuted this appeal. A reversal is asked on the sole ground that the instructions given were erroneous.

Two of the three instructions are quite long and we see no reason for incorporating them as a part of the opinion as no special good would be accomplished and no useful purpose served by so doing.

It is said the instructions are confusing, misleading and inconsistent, but we do not think they are objectionable for any of said reasons. While brevity in statement and clarity of expression should be the court's aim in drafting instructions, it does not follow that instructions void of these attributes are erroneous. The greater the length the more difficulty is usually experienced by jurors in understanding them.

Instructions should be predicated upon the issues made by the pleadings and competent evidence introduced at the trial. This the lower court endeavored to do. Under the first instruction, the jury could not have found for the appellee unless they believed the note, though signed as trustee, was in fact the individual obligation of appellant. This was the issue before the jury, and their verdict manifests the conclusion there was no understanding or agreement that appellant executed the note in any other than his individual capacity,

a conclusion warranted by the pleadings and the evidence.

The second instruction submitted appellant's side of the controversy and by it the jury was told that if the note was executed and delivered by appellant as trustee for his grandchildren and so accepted by appellee and not as the individual obligation of appellant, they should find for the latter.

In the third instruction the court submitted an issue raised by the answer as to the alleged false statements and misrepresentations made by appellee as an inducement to the purchase of the stock.

We think the instructions fairly submitted the issues to the jury. They were inaptly drawn, but the lower court during the progress of the trial has not the time to prepare instructions with that precision and exactness of thought and expression as might be expected when there is more time for study and deliberation.

It is easier to criticise than to construct; nor is it difficult with the lapse of time to find flaws and inaccuracies in things said and written whether in court, in business, the daily affairs of life or elsewhere. The courts should disregard such errors or mistakes as do not affect the substantial rights of the complaining party. Mere inaptness of statement in the instructions is not a reversible error, if they are substantially correct.

Instructions might be erroneous, but if not prejudicial there is no cause for complaint unless they are so contrary to law and the evidence as to bring about an unjust verdict.

Measured by the various rules of construction and tests applicable in such cases, we are unable to find grounds sufficient to justify or authorize a reversal of the judgment below and it is accordingly affirmed.