## Shea Brothers Construction Company et al. v. Smith.

(Decided November 20, 1928.)

### Appeal from Franklin Circuit Court.

1. Contracts.—In action by subcontractor against contractor for balance due under contract, questions whether contractor, under terms of verbal contract, had right to retain amount of premiums on compensation insurance policies and to charge subcontractor with proportion deducted on account of waiver of surety bond and also time of payment for work, held for jury.

2. Contracts.—In action by subcontractor for balance due from highway contractor under verbal contract, verdict for subcontractor for premiums of workmen's compensation insurance, proportion of agreed deduction by highway commission from total contract

price, in lieu of premiums on surety bond not required, and other items deducted by contractor, held not palpably against evidence.

3. Appeal and Error.—In action by subcontractor against contractor for balance due under contract in which contractor admitted certain sum was due but claimed right to deduct certain items, instruction to find for plaintiff for sum of $2,329.17, unless jury found for defendant on items mention in instructions Nos. 2, 3 "and" 4, instead of "or" 4, if error, held harmless.

4. Trial.—In action by subcontractor against contractor for balance due, denying defendants' motion to insert phrase "not to exceed however" before $2,329.17, in instruction to find for plaintiff for sum of $2,329.17, unless jury found for defendants on certain items, in which event they should credit their findings with such sum, held not error, where statement of amount in instruction was predicated on defendant's pleading.

MORRIS & JONES for appellants.

LESLIE W. MORRIS for appellee.

Opinion of the Court by Commissioner Stanley—Affirming.

Shea Bros., a partnership composed of John Shea and James Shea (subsequently incorporated as Shea Bros. Construction Company), had a contract with the state highway commission for the construction of ten miles of road in Owsley county between Beattyville and Booneville, about three miles of which they contracted with the appellee, A. H. Smith, to grade. The latter filed this suit against the appellants as partners and as a corporation, alleging that there was due him under the contract a balance of $4,000, with interest from November 14, 1925, which was 30 days after completion of his work. No specific items making up the balance were shown by the petition, and appellants' motion to have an itemized statement filed was not acted upon. In their answer and counterclaim, which fully stated their account with appellee, appellants admitted owing the plaintiff $1,092.90, and further stated that they had retained certain sums on account of the following items due them by plaintiff: (a) Premiums on workmen's compensation insurance; (b) proportion of agreed deduction by the highway commission from the total contract price in lieu of premium on surety bond not required of appellants; (c) cost of completing the work by reason of its abandonment by the plaintiff; and (d) supplies furnished plaintiff during the progress of the work. When the answer and an amend-

ment had been filed, the plaintiff amended his petition and reduced his claim to $2,329.17, and interest, which sum appears to be the admitted indebtedness and the disputed items covered by the deductions mentioned. The allegations of the answer and counterclaim were controverted of record, and the case proceeded to trial, resulting in a judgment for the plaintiff. Before entering upon the trial, appellants offered to confess judgment for $1,127.50. A reversal of the judgment is asked upon the ground that the verdict is palpably against the evidence and for error in instructing the jury.

1. Under the definition of the phrase, ''palpably against the evidence,'' and the rules laid down by numerous authorities, the verdict in this case may not be so regarded. The correctness of this conclusion is made apparent by a statement of the evidence.

The contract between appellants and appellee was a verbal one, and the evidence as to its exact terms is conflicting. The appellee testified his subcontract was to do the work undertaken according to the specifications of the highway commission and at the unit prices contained in appellants' contract, less 10 per cent., to be paid him within 30 days after the work was done; and that the other terms contained in appellants' contract with the commission were not applicable to him. He stated that nothing was said about a surety bond or premium thereon, but he did agree to bear his workmen's compensation responsibility, and says that he carried his own risk and did pay some doctors' bills. Mr. Smith is corroborated by a son-in-law who testified to hearing the conversation between him and John F. Shea, in which their negotiations were concluded and the agreement made in November, 1924, at Knoxville, Tenn.

For the appellants, John F. Shea testified appellee agreed to do the work under the same contract which they had with the highway commission, less 10 per cent., and agreed to pay his pro rata of insurance premium and bear his proportion of the reduction in lieu of premiums on a surety bond. He is corroborated by G. M. Matthews, then resident engineer of the commission, but who became an employee of appellants on this job during its progress. Mr. Shea stated that Smith was to receive his pay as appellants received theirs from the commission.

The determination of the right of appellants to retain the amount of premiums on compensation insur-

ance policies and to charge appellee with the proportion deducted on account of waiver of a surety bond, and also the time of payment for the work, was dependent upon the terms of the verbal contract between these parties. The irreconcilable conflict in the evidence concerning these matters made it peculiarly a question for the jury, which decided on all three items in favor of appellee.

Concerning the claim of abandonment of the work by Smith, it is substantially shown by him that he had fully completed his part of the job in October, 1925, except the removal of some rock in a cut about 600 feet long. He testified that it was agreed that Shea Bros. would remove this stone, as he was not equipped to do it. F. H. Yancey, an assistant district engineer of the highway commission, testified that when Smith left the job it was finished with the exception of this cut, and that he would have recommended its acceptance by the department as a completed job. He says that no further work was done on the road by appellants for more than a year thereafter, and that it was used by the public, all of which resulted in washing and filling of the ditches, for none of which appellee was responsible. Appellants denied that they agreed to remove the stone. Their evidence tended to show that Smith did not finish the work, particularly in this cut, and that it became necessary to complete his job by removing this stone and clearing the ditches, which had been left too deep in some places and too shallow in others, requiring drilling and blasting. Appellants' witness Matthews stated the work needed "dressing up," that is, the straightening up of the shoulders and crown of the road, and cleaning one of the ditches, which had to be done over because of the lapse of time after Smith completed his job and by reason of use by the traveling public. It was shown this work cost appellants $601.25, which they claimed the right to recover of appellee. It is not altogether clear from the record that this amount included the expenses incurred on the cut, but apparently it does. There were about 2,200 cubic yards of stone removed from this place, and at the prices stipulated in their contract appellants collected $1,540 from the highway commission for it. Not being satisfied with that, appellants sought to recover the cost from the appellee, as appears from the record. If the jury so understood, it is quite natural that it decided this item against appellants; and as to the cost of "dressing up"

the roadbed the weight of the evidence is to the effect it was not due to any failure on the part of appellee, but rather to the delay by appellants in completing their part of the job.

As to the payment of $93.05, on account of supplies, the evidence is more favorable to appellee. Smith stated that he paid for these supplies by check, and the merchant's clerk, to whom it was given, corroborated him and testified that he, as bookkeeper, indorsed that fact on the account of Shea Bros., to whom it was charged, because at the time they did not know Smith. James Shea, who appears to have kept the books of appellant company, testified that the item was charged to Smith because it appeared on their account with the merchant and it had been deducted from Smith's compensation; but there is no testimony that Shea Bros. ever paid for the supplies.

These issues were all submitted to the jury and the evidence sustains the verdict. Certainly, it cannot be said to be against the weight of the evidence. Hence, under elementary law, we are not authorized to reverse the judgment on this ground.

2. The court instructed the jury "to find for plaintiff the sum of $2,329.17 unless they find for the defendants on the items mentioned in instructions No. 2, 3 and 4, in which event they will credit their findings with such sum, if any." The instructions thus numbered respectively referred to the foregoing items deducted by appellant, and each is complete in itself. It is asserted that the use of the word "and" instead of the word "or," in referring to the specific instructions, was error; but appellants' counsel are frank enough to say that it was trivial. Appellee's counsel agree with them. The court also agrees, which makes it unanimous. If it be error, taking the instructions as a whole, the jury could not have been misled by the inadvertence. Wiedman v. Line, 13 Ky. Law Rep. 590; Pugh v. Eberlein, 190 Ky. 386, 227 S. W. 467.

The serious complaint is that the court should have sustained appellants' motion to insert in the first instruction the phrase, "not to exceed however," so it would read, "to find for plaintiff not to exceed however the sum of $2,329.17," etc. If the amount stated had been that claimed by the plaintiff alone, and the jury had returned a verdict in excess of the sum stated, there would be merit in appellants' contention; but this sum is the

aggregate of that for which appellants offered to confess judgment, and the items which it was admitted in their answer were retained and not paid to appellee. So the statement of amount is predicated upon the pleading of the defendant rather than upon that of the plaintiff. This cannot be regarded as an error.

The judgment is affirmed.