## Abbott v. Commonwealth.

*October 21, 1947.*

E. R. Denney, Judge.

Flowers & Pritchard for appellant.

**Eldon S. Dummit,** Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Ted Abbott, the appellant, having been convicted of the malicious cutting and wounding of one Curtis Cope with intent to kill and punishment having been fixed at four years in the penitentiary, Abbott now appeals.

The only ground urged by appellant for a reversal is that instructions 3, 4, and 5 given by the trial court were prejudicially erroneous.

Abbott, previously convicted of a felony, chanced to meet Cope, a 17 year old boy, in a store in Albany. Abbott in an intoxicated condition through the effects of 2 pints of red liquor, was in the store on no explained mission. Cope, in a sober condition, was in the store on business. They had never before met. Abbott accosted Cope with an invitation to go with him to the "Wagon Wheel," an eating place somewhere in the vicinity, and his invitation was accompanied by grasping Cope by the shoulder. Cope declined the invitation and told Abbott "to let me alone." After a second, similar invitation and a similar response, Abbott then asked Cope to go with him outside and "settle that right now." Thereupon, Abbott went outside and was followed by Cope. On the outside, Abbott began the trouble by swinging at Cope, while the latter appears to have assumed the defensive throughout the fracas. By way of climax, Abbott took out his knife and cut Cope on the chest near the heart. Bystanders then separated them. Thereafter, the sheriff located Abbott at a place where he was eating soup, drinking coffee and carrying an open knife in his pocket. The sheriff then took Abbott before the county judge for committal to jail. Abbott recognized both the sheriff and judge when he encountered them on these occasions.

Abbott's only defense upon this trial was that he was so drunk that he did not know what he was doing. He testified that he knew nothing of the occurrences in question and that he first learned of all these happenings the next morning at the jail.

As previously stated, Abbott now complains of certain instructions given upon this trial. This record shows that the trial court gave (1) an instruction on a

malicious cutting, (2) an instruction on a sudden-heat-and-passion cutting without malice, (3) an instruction on a person's presumed sanity, until presentation of proof to the contrary, (4) an instruction on the legal insufficiency of an insanity defense based only upon voluntary drunkenness, (5) an instruction on a situation of mutual combat, (6) an instruction on the requirement for conviction of the lesser offense in the event of doubt as to the degree of the offense committed, (7) an instruction on the requirement of giving the accused the benefit of any existing doubt, (8) an instruction on the meaning of the words, wilful and malice. Appellant contends that he was prejudiced by the giving of instructions 3, 4 and 5, mentioned in substance above, which he says were erroneous.

More specifically, Abbott contends that instructions 3, 4 and 5 were unnecessary; that instructions 3 and 4 told the jury that an acquittal could not, in this case, be based upon a defense of insanity caused by voluntary drunkenness; that instructions 3 and 4 told the jury, in effect, that drunkenness must be considered as an aggravating circumstance rather than a mitigating circumstance and that a conviction must accordingly rest on felony instruction 1 rather than on misdemeanor instruction 2; that instructions 3 and 4 served to unduly emphasize the perniciousness of Abbott's drunken condition; that instruction 5 was incomplete and therefore meaningless.

We are inclined to agree that instructions 3, 4 and 5 were unnecessary, since instructions 1, 2, 6, 7 and 8 covered the theories and the defense of this case in ample manner. While it may be admitted that the giving of these unnecessary, surplus instructions, 3, 4, and 5, was in the nature of error, yet it must be remembered that where it appears that an error such as this did not mislead the jury nor produce an unjust verdict, the judgment will not be reversed. McMillen & Hazen Co. v. Slusher, 145 Ky. 537, 140 S. W. 657; Pugh v. Eberlein, 190 Ky. 386, 227 S. W. 467; Olive Hill Limestone Co. v. Gay-Coleman Construction Co., 244 Ky. 822, 51 S. W. 2d 465.

We are also able to agree that instruction 5 was

incomplete and that its meaning was therefore not entirely clear.

But we are not able to agree with appellant on his proposition that he was affected in a prejudicial manner by the giving of the instructions in question.

Voluntary drunkenness, just as stated in instruction 4, is no excuse for perpetration of a crime, yet voluntary drunkenness is an evidential circumstance to be considered in mitigation of the crime charged so as to reduce it from one of higher degree to one of lower degree. And if the crime charged against an accused is of such a character that the accused may be convicted of either a higher degree or a lower degree, depending upon the evidence bearing on the question of malice, then no specific instruction relating to the accused's drunken condition is necessary. The evidence alone should serve as a reducer so as to pull down conviction from the higher to the lower degree, according to the jury's discretion. But if the crime charged against an accused is of such a character that the accused may be convicted of only one degree of wrong, then a specific instruction on drunkenness should be given by the court to assist the jury in deciding whether the accused is guilty or innocent, under all the circumstances. In support of this legal doctrine, we need do no more than cite the two authorities given us by the appellant, viz., Blackburn v. Commonwealth, 200 Ky. 638, 255 S. W. 99; Slone v. Commonwealth, 238 Ky. 727, 38 S. W. 2d 709.

The crime here charged against the appellant was one of alternative possibilities as to degree. That is to say, it was either a felony or a misdemeanor, depending upon the jury's belief concerning the element of malice proven against appellant. And the element of malice may, among other things, have been indicated by appellant's condition of sobriety or drunkenness. Therefore, any specific instruction relatng to appellant's drunken condition was an unnecessary superfluity. Yet this superfluity was, we believe, like a tornado on a desert. Its effect was without calculable damage. It did not, we think, unduly emphasize appellant's drunken condition. He himself had already emphasized such condition about as much as possible by saying that he

was so drunk that he knew nothing whatever about this crime. And, in point of fact, appellant's drunken condition needed, for his own benefit, to have some sort of emphasis for the purpose of persuading the jury to pull appellant's conviction down to a misdemeanor, if the jury considered itself justified in so doing. None of the instructions criticized by appellant told the jury, either in substance or in effect, that this crime had to be a felony instead of a misdemeanor. In fact, instruction 2 told the jury that this crime could be, according to its own discretion, only a misdemeanor. Appellant does not, according to our understanding, now contend that he should have been acquitted. He only contends that he should have been convicted of a misdemeanor, the lower degree of the charge faced by him. He had that chance at the hands of his jury through instruction 2. Therefore, we do not believe that he was prejudiced by the giving of any surplus or unnecessary or erroneous instructions.

It appears that the appellant has had his day in court, that his trial was reasonably fair, that, in the Shakespearian phraseology, the quality of his jury's mercy was not greatly strained, under all the circumstances of a case of this character.

Wherefore, the judgment is affirmed.