**Raymond Lawson DAVIS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Rehearing Denied April 2, 1971.

R. D. McAfee, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., William Bryan Martin, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

A jury found Raymond Lawson Davis guilty of rape, as denounced by KRS 435.-090, and fixed his punishment at imprisonment for ten years, the minimum penalty provided in the statute.

Appellant contends that (1) the court erred in refusing to allow him to examine certain records in possession of the Commonwealth's attorney and the investigating police department; (2) it was error for the Commonwealth to fail to provide him a transcript of testimony before the grand jury; (3) it was error to admit the Commonwealth's evidence locating the site of the crime some fifteen or more miles from the site allegedly related to appellant's counsel by the Commonwealth before the trial; (4) prejudicial statements were made by the Commonwealth's attorney; and (5) the evidence was insufficient in that the in-court identification was tainted by out-of-court identification made at an illegally conducted police lineup.

The prosecutrix testified that she was introduced to the appellant by one of her female friends. According to the prosecutrix, she enterd appellant's automobile with him, with a view to obtaining a soft drink. She related that appellant drove the car for an hour or more into areas with which she was not familiar. She gave evidence that appellant forcibly ravished her three times, in rapid sequence; she positively identified appellant as her assailant.

As she left appellant's car, the prosecutrix observed that the last two digits of the car's license were "45." Almost at once, the prosecutrix reported the matter to her mother, and the police were called. Since appellant had already been indicted on seven felony charges, the police were fully familiar with his description and his license number. Shortly after receiving the report of the crime, the police arrested appellant and arranged for a lineup at police headquarters.

The lineup was held at about 3 a. m. No attorney for appellant was present at the lineup, and so far as appears, no opportunity for any attorney to be present was afforded. This was improper, as is settled by decisions such as United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. This error, however, is not deemed prejudicial, as will be explained later in the opinion.

■ The appellant's motion for permission to examine the files and records of the Commonwealth's attorney and of the police department was overruled. Appellant contends that the rationale of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and Arthur v. Commonwealth, Ky., 307 S.W.2d 182, requires reversal on this account. The Supreme Court succinctly stated the meaning of its holding in Brady:

"We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Op.cit. 373 U.S. at page 87, 83 S.Ct. at page 1196, 10 L.Ed. 2d at page 218.

Brady's counsel had seasonably requested permission to examine the extra-judicial written statement made by Boblit (Brady's co-defendant in a joint trial). The prosecution showed several statements to Brady's counsel, but one statement in which Boblit admitted actual commission of the homicide was withheld by the prosecution and did not come to the notice of Brady or his counsel until after trial, conviction, and an appellate court's affirmance of the conviction. It was that failure of the prosecution to disclose which the Supreme Court held to be such a suppression as to be a denial of constitutionally guaranteed due process.

Arthur v. Commonwealth, Ky., 307 S. W.2d 182, dealt with the prosecution's refusal to permit a defendant's counsel, upon proper motion in open court during the trial, to inspect a signed statement admittedly in the possession of the prosecution's attorneys. This court reversed because the trial court had sanctioned that suppression.

Neither of the cited cases dealt with a situation similar to the one at bar. RCr 7.-24 and RCr 7.26 provide for certain discovery procedures. Without outlining all the provisions of those rules, it is enough to state that the present appellant made no request for any discovery permitted by the rules. There was no intimation that the prosecution suppressed any evidence. Neither was it shown or even claimed that the prosecution had any statement of the accused. For these reasons, the first ground urged for reversal is found to be without merit.

■ Neither is there merit in the claim of error relating to the prosecution's failure to furnish a copy of the evidence heard by the grand jury. It was shown that no stenographic or other note of the grand jury proceedings was made. Hence, there was nothing to produce. RCr 5.16 permits the taking of shorthand notes or use of a recording device in grand jury proceedings, but does not require it. When there is no record, none is required to be furnished. White v. Commonwealth, Ky., 394 S.W.2d 770.

■ On the morning the trial began, the prosecution gave appellant's attorney a copy of a report of the alleged crime as prepared by a police officer from his conversation with the victim. In that report was reference to the site of the crime as being "off Mt. Holly Road." The victim said she saw a Mt. Holly Road sign during the time her assailant was driving. However, she admitted that she did not know just where the crime occurred. With the help of a police officer, a site was located in Jefferson County, which fit the victim's previously stated portrayal of the area, but which was more than twenty miles from Mt. Holly Road. The evidence was presented in such a way as to warrant the jury's believing that the site as fixed by the officer, aided by the victim's directions and descriptions, was indeed the site of the crime. Appellant was in no way disadvantaged by this evidence, since he denied any participation in the charged offense and asserted an alibi. The alibi was not affected by whether the offense occurred "off Mt. Holly Road" or somewhere else in Jefferson County. According to appellant's evidence, he was not at either location anyway.

Mr. McAfee, trial counsel for appellant, took the witness stand and related to the jury his frustrations in eliciting information from the prosecuting officials. While he was so testifying, the following questions and answers were heard by the jury, on cross-examination:

"Q. Have you taken any depositions in this case?

A. Taken any depositions! You know you wouldn't take depositions in a criminal case.

Q. Mr. McAfee, you know the law and you know that you have a right to take depositions in this case. You can call these officers in. You can bring 'em before the Court on a Hearing and determine what their testimony is.

A. It's my opinion that I had no right to do that and I threatened at one time to file a suit against this young lady so that I could take depositions. I didn't go that far. But again, I have a right to rely on your integrity and you told me that this thing happened on Mt. Holly Road. You told me that this morning."

■ No such right of discovery depositions exists in a criminal proceeding, but no objection to all this was made at the time, nor any request for admonition to the jury. It is difficult to determine just what prejudice would be shown, even if proper objection had preserved the matter for appellate review.

■ We now reach the question of the identification lineup. As stated, no attorney for appellant was present at the lineup. Unless it appears that the in-court identification was untainted by the improper lineup identification, or unless it can be said "beyond a reasonable doubt" that the admission of evidence of the lineup was "harmless error," reversal must follow. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. The victim viewed appellant in a lineup in less than two hours after she had allegedly separated from him after the offense. She testified that she was introduced to him by her friend; that she was in his company for about three hours; and that she had several opportunities to scrutinize his appearance in lighted areas and had done so. The victim's friend, who professed some slight acquaintance with the accused and who introduced him to the victim, did not attend the lineup. She unequivocally identified the present appellant in court, at the trial, as the same individual to whom she had introduced the victim. The testimony of the victim left no doubt that her in-court identification was uninfluenced by her identification at the lineup. In these circumstances, the court has no hesitancy in holding, as it does, that the introduction of evidence of the lineup identification was,

beyond a reasonable doubt, harmless error within the ambit of Chapman v. California, 286 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Thus no reversible error is presented on this account. See United States v. Wade, supra, at 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d page 1166. Cf. Lewis v. Commonwealth, Ky., 463 S.W.2d 137, decided December 18, 1970.

The judgment is affirmed.

All concur.