**Leon Lee LEWIS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Matthew B. Quinn, Jr., Matthew O. Henchey, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James Barr, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant Leon Lee Lewis, was convicted of the offense of grand larceny. KRS 433.220. He was sentenced to confinement for a period of three years. On this appeal he alleges error in the admission of evidence relating to a police lineup which was conducted when he was without counsel and he claims that the jury was coerced into reaching a verdict.

On November 26, 1969 four diamond rings were stolen from Roberts Jewelry

Store in Louisville, Kentucky, by three young men who, under the guise of prospective customers, were looking at the rings and fled from the store with the rings in their possession.

At the time of the theft there were two female employees in the store. These employees gave the police a description of the men in the store and later, at the trial, identified the appellant as having stolen one of the rings.

The appellant was apprehended by the police officers on the day following the theft. A police lineup was arranged by one of the officers who advised the appellant of his right to have counsel if he so desired. Appellant appeared in the lineup without representation of counsel. Only one of the employees of the store, Linda Manning, witnessed the lineup.

United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) establishes that a defendant has a constitutional right to have counsel at a pretrial lineup and we have affirmed this principle in Bradley v. Commonwealth, Ky., 439 S.W. 2d 61 (1969).

Conceding that appellant had the right to have counsel present at the lineup, does the fact that he appeared in the lineup without counsel require a reversal of the judgment in this case? We think not.

■ Where a witness makes and in-court identification of an accused, the fact of a previous identification in a lineup is not prejudicial unless the in-court identification is tainted in some manner by the lineup. In such a case an objection must be made to the in-court identification to preserve that issue for review.[1] Cotton v. Commonwealth, Ky., 454 S.W.2d 698 (1970); Futrell v. Commonwealth, Ky., 437 S.W.2d 487 (1969).

At the trial of this case both of the employees of the jewelry store identified the appellant. No objection was made as to that testimony. In cross-examining Miss Manning, counsel for appellant brought out the fact that she had witnessed a police lineup and there identified the appellant. There was no objection to her testimony and no showing that the lineup affected her testimony in court.

The only objection relating to the lineup concerned the testimony of the police officer. His testimony was introduced subsequent to that of both of the store employees. He had not witnessed the crime and did not attempt to identify the appellant as a participant therein. He was permitted to testify that he arranged a lineup, that Miss Manning identified the appellant in the lineup and that he photographed the lineup. The photograph was introduced in evidence. This testimony simply corroborated the previous testimony of Miss Manning.

■ This court cannot review the alleged error of allowing into evidence testimony resulting from a lineup in which the appellant was not represented by counsel for the reason that in-court identification was made by the witness, not shown to have been tainted by the lineup, to which no objection was made.

■ The jury retired to the jury room to consider the case at 2:48 P.M. and after deliberating for approximately one hour and fifteen minutes returned to the court room and the jurors announced their inability to reach a verdict. They were then instructed by the trial judge as follows:

"You have been out for an hour and a quarter. I am going to send you back. This is a case where you have the Instructions and you heard all the evidence

[1]. Cf. Davis v. Commonwealth, Ky., 463 S.W.2d 133, Decided December 18, 1970.

and I believe you should go back and try to reach a verdict."

After further deliberation a verdict was reached and the appellant contends that this verdict was coerced by the trial judge. When the jury reported itself unable to reach a verdict, it had considered the case for only a short while and the requirement of further deliberation was not error. Boggs v. Commonwealth, Ky., 424 S.W.2d 806 (1966); Collins v. Commonwealth, Ky., 396 S.W.2d 318 (1965).

We further note that appellant made no objection to the action of the trial court in returning the jury for further deliberation.

The judgment is affirmed.

All concur.