**William Hayden KELLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Michael R. Dowling, Diederich & Hermansdorfer, Ashland, for appellant.

John B. Breckinridge, Atty. Gen., Douglas Johnson, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of armed robbery and his punishment was fixed by a jury at confinement in the penitentiary for a period of ten years. KRS 433.140. He asserts the following grounds for reversal of the judgment on this appeal:

(1) The in-court identification of appellant was tainted by reason of the pretrial identification of appellant in a lineup conducted without counsel.

(2) Appellant was prejudiced by reason of denial of his right to a speedy trial.

(3) Appellant was prejudiced by improper argument of the Commonwealth's Attorney.

The appellant was identified in a lineup conducted shortly after his arrest at a time when he was without counsel. The witnesses who identified appellant in the lineup also identified him in court. Before the in-court identification, the court conducted a hearing out of the presence of the jury for the purpose of determining whether the identification was influenced in any way by reason of the lineup procedure. This was exactly the type of hearing envisioned in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). See also Lewis v. Commonwealth, Ky., 463 S.W.2d 137 (1970). Upon the basis of the hearing, the trial court concluded that the in-court identification was based upon the independent recollection of the witnesses and was not tainted by the pretrial lineup. This finding of the trial court is binding unless clearly erroneous and nothing in the record indicates that it is clearly erroneous.

Appellant next contends he was denied his right to a speedy trial. Appellant was indicted in April 1968 for two separate robberies. He was tried and convicted on one of the charges in April 1968 and sentenced to two years' imprisonment. He was paroled in January 1969. The other charge remained pending during his imprisonment and after his release until April 1970, at which time the Commonwealth began efforts to bring him to trial on the second charge. He then moved for a dismissal on the ground of undue delay.

Appellant knew that the second indictment had never been disposed of. At no time did he exert any effort to have it brought to trial. The right to a speedy trial is a right which may be waived and the failure of an accused to demand trial constitutes a waiver. Barker v. Commonwealth, Ky., 385 S.W.2d 671 (1964) and Blair v. Commonwealth, Ky., 458 S.W.2d 761 (1970).

The concluding argument of the Commonwealth's Attorney was not transcribed. Appellant filed a narrative statement showing that the Commonwealth's Attorney made the following statement in his concluding argument:

"We have had this case under investigation from the start but have been unable to bring it to trial due to circumstances beyond our control."

We fail to see wherein the statement is prejudicial. Standing alone it has no tendency to fasten guilt upon the appellant. In the absence of the transcript of the entire argument, it is impossible for us to conclude that appellant was prejudiced by the argument.

The judgment is affirmed.

All concur.