**Elbert HENSLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Roy W. House, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of involuntary manslaughter in the first degree and sentenced to five years' imprisonment. He presents two questions on this appeal. First, he claims that the evidence was insufficient to support the verdict and secondly, that the trial court erred in giving an instruction on wilful murder.

The appellant admitted that he was intoxicated; that he fired several shots from a .38-caliber pistol from a moving vehicle and that he knew there was a group of men in the vicinity of the place where he fired the shots. Although he claimed to have fired his gun away from the men, there was evidence to the effect that deceased fell while appellant was driving by firing his gun and that the death resulted from a bullet from a .38-caliber pistol.

There was some conflict as to whether shots were fired by anyone other than appellant but the jury was authorized to believe from the evidence that the only shots fired on that occasion were fired by appellant.

In addition there was evidence that shortly before the shooting the appellant drew a gun upon another person and threatened to shoot him.

The contention that the evidence is insufficient to support the verdict is without merit.

The trial court instructed upon both wilful murder and involuntary manslaughter. The appellant contends the instruction upon wilful murder was not authorized by the evidence and should not have been given. The appellant was not convicted of wilful murder and it is difficult to see in what way the instruction prejudiced him. An instruction, even though unauthorized, upon the highest degree of an offense is not a cause for reversal of a judgment where the conviction is for a lesser offense on which the evidence warranted an instruction. Phillips v. Commonwealth, 225 Ky. 160, 7 S.W.2d 1064 (1928).

The judgment is affirmed.

All concur.