**Elbert HENSLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1972.

Baxter Bledsoe, Jr., Allen & Bledsoe, London, Roy W. House, Manchester, for appellant.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

This appeal is from an order denying a motion for new trial on the ground of newly discovered evidence. RCr 10.02, 10.06.

After two previous trials had culminated in hung juries the appellant on his third trial was convicted of involuntary manslaughter in the first degree and sentenced to five (5) years' imprisonment. The conviction was affirmed on appeal to this court. See Hensley v. Commonwealth, Ky., 474 S.W.2d 888 (1971).

Billy Rowland Phillips was a vital witness against the appellant. He testified that the appellant was the only person shooting when the decedent was killed. After the conviction was affirmed by this court the appellant was able to get an affidavit from Phillips stating that although his testimony had been given in good faith and in the belief that it was true, the affiant was intoxicated at the time of the killing, and "that after having been refreshed he stated that others were shooting at the time the decedent . . . . fell and that he does not know who shot the decedent, but now believes that the defendant . . . did not shoot him. Being fearful that defendant was wrongfully convicted he makes this statement to clear his own conscience for whatever it is worth."

The appellant also filed his own affidavit stating that he was led to obtain the affidavit of Phillips through hearing from other persons that Phillips was making statements inconsistent with the testimony he had given at the trials.

 Affidavits in which witnesses recant their testimony are quite naturally regarded with great distrust and usually given very little weight. See Thacker v. Commonwealth, Ky., 453 S.W.2d 566 (1970). We find nothing in this instance to justify overturning the trial court's refusal to grant a new trial.

The judgment is affirmed.

All concur.