Vernon K. RIGSBY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Donald Edward GREEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1973.

As Modified on Denial of Rehearing
June 29, 1973.

Howard VanAntwerp, III, Ashland, Kelley Asbury, Catlettsburg, Norris B. Vincent, James Stavros, H. Gene Baldridge, Ashland, for appellants.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

Appellants, Vernon K. Rigsby and Donald Edward Green, were jointly tried for (1) the murder of Paul Nichols, (2) the armed robbery of Leslie Lyons and Phillip Davidson and (3) the rapes of Paula Bush, age 17 and Donna Oxley, age 16.

At trial, Green testified in his own behalf, while Rigsby elected not to take the stand. Appellants were convicted and both received ten-year sentences on each charge of armed robbery and twelve years on the rape charges, to be served concurrently. Rigsby was sentenced to twenty-one years' and Green ten years' imprisonment for voluntary manslaughter. The latter sentences are to be served consecutively to those for armed robbery and rape. This appeal was brought only with regard to appellants' convictions of voluntary manslaughter.

Les Lyons, Donna Oxley, Phillip Davidson and Paula Bush were parked at night in Lyons' car on a dirt road in a remote area of Boyd County, Kentucky. An automobile pulled up directly behind the Lyons car and the appellants, Rigsby and Green, accompanied by Paul Nichols, got out of the second car and approached the vehicle containing the four teenagers. The three men were armed with a shotgun and what appeared to be a pistol.

Within the next two hours, Lyons and Davidson were robbed of their wallets, their lives threatened several times, the Bush girl was raped by both Nichols and Rigsby as was Miss Oxley, who was also raped twice by Green, and Paul Nichols was shot to death.

The three men left the scene with the two girls. An argument developed between Green, Nichols and Rigsby and all three men left the car and entered a wooded area. Green was carrying a shotgun. The two girls in the car heard threats against Nichols' life followed by a shotgun blast and Nichols was shot. The girls heard some conversation with respect to what disposition should be made of Nichols' body. When Rigsby and Green returned to the car Rigsby was covered with blood and both he and Green spoke of "what they had done."

The girls were returned to their homes without further incident. Within a matter of hours, both appellants surrendered.

Appellants seek reversal of the voluntary manslaughter conviction on a multiplicity of grounds, alleging: (1) The trial court should have granted a continuance to enable the taking of a deposition from a chief prosecuting witness; (2) the court erred in failing to grant each defendant a separate trial, and specifically a separate trial on the charge of murder; (3) a change of venue should have been provided; (4) the court abused its discretion in refusing to strike for cause two prospective jurors, and those jurors professing a belief that voluntary intoxication should not be a factor in determining guilt; (5) the trial court erred in permitting use of the word "ravished" before the jury and evidence concerning an alleged act of oral sex by Green; (6) error in admitting into evidence a statement by the deceased, Nichols, to Les Lyons; (7) the trial court should have granted appellant Green a directed verdict of not guilty, and erred in submitting instructions on wilful murder; (8) failure to instruct on consequences of intoxication with regard to intent and state of mind; and (9) error in failing to grant a mistrial due to prejudicial statements by the prosecuting attorney in his closing argument.

We first deal with appellants' attack on the court's denial of a continuance. The claim arises from the inability of appellants to take the deposition of the witness Davidson prior to the trial date.

There is no right to take depositions for discovery in criminal proceedings in Kentucky. Davis v. Commonwealth, Ky., 463 S.W.2d 133 (1971); Wickware v. Commonwealth, Ky., 444 S.W.2d 272 (1969). Even so, questioning of Davidson was permitted the morning of the trial. The trial court directed the appellants to demonstrate the prejudice, if any, resulting from information gained through the "eleventh hour" deposition. It was indicated that the motion for continuance would be reconsidered in that event. No such showing was made. The trial court did not abuse its discretion in overruling the motion for continuance.

The appellants next contend that separate trials should have been granted. Rigsby, who did not testify, claims the testimony of his codefendant, Green, and statements attributed to Green by Police Captain Gearhart, should not have been admitted, and that an admonition to the jury to consider them only as to Green did not overcome the prejudice to Rigsby. We do not agree.

Appellants cite authority concerning the confrontation clause of the Sixth Amendment to the United States Constitution. Such authority is not applicable to the instant case. Rigsby had the opportunity to examine both Green and Gearhart. Furthermore, the testimony of Green was all favorable to Rigsby, and Green denied the statements attributed to him by Officer Gearhart upon which the jury was admonished. Counsel for Rigsby made no objection to the testimony of Green and no admonition was sought.

Appellants further claim they were prejudiced by way of the joint trial, in that the offenses were not separated and therefore the "cumulative effect" of the evidence on all charges prejudiced them on the murder charge. Davis v. Commonwealth, Ky., 464 S.W.2d 250 (1970), is cited by appellants in support of this argument. In *Davis* we held that being tried on a total of six felony offenses at the same time constituted such great prejudice that there was no way to overcome it once the indictments had been read to the jury. However, *Davis* involved multiple and unrelated charges. A claim of misjoinder of offenses is not well-founded when the offenses are either of the same or similar character, or based on connected transactions. Brown v. Commonwealth, Ky., 458 S.W.2d 444 (1970).

The final point raised with regard to separation is the claim that Rigsby, in order to avoid incriminating himself on one charge, did not take the stand on any, and was thereby deprived of a choice whether or not to testify. Rigsby's point is not well taken. It is true that prejudice may occur where an accused wishes to testify on only one of two joined offenses which are clearly distinct in time, place and evidence. Cross v. United States, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964). However, in the instant case the offenses were interrelated to the extent that it would have been most difficult for Rigsby not to have touched on all three offenses even though trying to limit his testimony to one particular charge.

The argument concerning a change of venue is meritless. The necessary affidavits were filed by both sides. Upon examination of the record, it is our view that the trial court did not abuse its discretion in overruling the motion. Tinsley v. Commonwealth, Ky., 283 S.W.2d 362 (1955); Hurley v. Commonwealth, Ky., 451 S.W.2d 838 (1970) and Brown v. Commonwealth, Ky., 449 S.W.2d 738 (1969).

Appellants complain of an abuse of discretion by the trial court in refusing certain challenges for cause. The argument is unavailing because nowhere do appellants assert they were forced to exhaust their peremptory challenges, nor does examination of the record reveal such circumstance. All the jurors in question were removed by way of peremptory challenges. A defendant who fails to exhaust

such challenges cannot complain concerning the jury selection. Certainly if the biased juror is not impanelled, no prejudice can result. There has been no showing that use of the eleven peremptories to dispose of the suspect jurors resulted in a subsequent inability to challenge additional unacceptable veniremen. Therefore, favorable consideration may not be given to appellants' assertions. See Spies v. Illinois, 123 U.S. 131, 8 S.Ct. 21, 31 L.Ed. 80 (1887); Jordan v. United States, 295 F. 2d 355 (10 Cir., 1961); People v. Ford, 19 Ill.2d 466, 168 N.E.2d 33 (1961); Walker v. State, 237 Ark., 34, 371 S.W.2d 135 (1963).

■ Appellants' contention concerning the improper use of the word "ravished" to the jury for inflammatory purposes is without merit. The term "rape" found in the indictment could certainly be said to be no less inflammatory.

■ Testimony given at trial regarding the alleged act of oral sex by appellant Green was not improper. Evidence of acts prior and subsequent to the offense charged in the indictment is admissible as tending to establish the accused's singular purpose and intent to assault the victim sexually. Annotation, 77 A.L.R.2d 841, Sections 5–7. Testimony as to forced acts of oral sodomy which took place before and after an alleged rape is admissible as res gestae of the offense concerning facts and circumstances surrounding the commission of the act. Johnson v. State, Tex. Cr.App., 449 S.W.2d 65 (1970). The lustful inclination of the accused may also be shown in this way. The testimony was followed by an admonition to consider it only as showing design, disposition or intent, if in fact it did so. Russell v. Commonwealth, Ky., 482 S.W.2d 584 (1972); Messmear v. Commonwealth, Ky., 472 S.W. 2d 682 (1971); Young v. Commonwealth, Ky., 335 S.W.2d 949 (1960).

■ A whispered conversation between the murdered man and the witness, Lyons, concerning the violent intentions of appellants, was not improperly admitted. The deceased was a participant with Rigsby and Green in that which took place the night of the crimes. In Gilbert v. Commonwealth, 228 Ky. 19, 14 S.W.2d 194 (1929), we stated:

" 'Where several persons participate in the actual commission of a crime, the acts and declarations of any one of them, while so participating, are admissible against all the others. It is sometimes intimated that such evidence is received under the rule with respect to the acts and declarations of coconspirators and codefendants, but as such evidence is frequently received when the circumstances are such that the limitations of the rule mentioned would preclude its reception, it is apparent that the real reason for the admission of the evidence is that such acts or declarations constitute a part of the res gestae.' "

Cf. Maddox v. Commonwealth, Ky., 349 S. W.2d 686 (1961) and Alexander v. Commonwealth, 216 Ky. 376, 287 S.W. 933 (1926). See also 22A C.J.S. Criminal Law § 777.

■ Appellants contend that the court erred in giving an instruction on wilful murder. However even if the instruction was unauthorized and a directed verdict to that extent should have been granted, there was no prejudice to appellants. They were convicted of voluntary manslaughter. We have previously held that an unauthorized instruction on the highest degree of offense is not cause for reversal where conviction is for a lesser offense warranted by the evidence. Hensley v. Commonwealth, Ky., 474 S.W.2d 888 (1971). The evidence at trial was sufficient to permit the instruction upon which Green was convicted.

■ Appellants insist that instructions regarding intoxication and its effects on specific intent should have been permitted. While evidence of intoxication is permissi-

ble, a defendant is *not* entitled to a *special instruction* to that end. Hatfield v. Commonwealth, Ky., 473 S.W.2d 104 (1971); Coots v. Commonwealth, Ky., 418 S.W.2d 752 (1967); Abbott v. Commonwealth, 305 Ky. 620, 205 S.W.2d 348 (1947); Slone v. Commonwealth, 238 Ky. 727, 38 S.W.2d 709 (1931).

Appellants contend that they were prejudiced by inflammatory remarks by the attorney for the Commonwealth in his closing arguments. We feel that the argument exceeded the bounds of propriety and was unauthorized by the evidence. However, in view of the overwhelming evidence of the appellants' guilt we do not feel that the argument could have even remotely affected the outcome of the trial.

The judgment is affirmed.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.