**Charles Gene CARWILE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Aug. 9, 1985.

Phillip C. Kimball, Louisville, for appellant.

David L. Armstrong, Atty. Gen., John S. Gillig, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWERTON and LESTER, JJ.

LESTER, Judge.

This is an appeal from an order denying appellant's motion for a new trial upon the basis of newly discovered evidence. The appellant is serving a life sentence for a conviction of murder. The facts being somewhat complicated, we find it unnecessary to restate them in full within this opinion.

However, appellant's argument, both in the court below and on appeal, is that he now has available an eyewitness to the crime who will testify favorably for Carwile. Appellant maintains that the court erred in refusing to grant a new trial based upon the affidavit of appellant's brother

which indicates that Charles Carwile acted in self-defense when he shot and killed Danny Board.

The affiant, William Albert Carwile, was called as a witness for the appellant at his trial in 1982. At that time, William refused to testify upon the grounds of the privilege against self-incrimination. This action was presumably due to the fact that at the time of trial, William Carwile had also been charged with conspiring to murder the man whom appellant killed. Those charges were dismissed following appellant's trial.

As appellant's counsel points out in his brief, there appears to be no Kentucky case in which a convicted defendant has sought a new trial based on his having acquired favorable testimony of a witness who had previously refused to testify. However, there are numerous cases in Kentucky which discuss when a new trial should be granted under RCr 10.02(1) and RCr 10.-06(1).

■ Generally, a new trial motion based on newly discovered evidence should only be granted when the new evidence is such that would, with reasonable certainty, change the verdict upon retrial. *Hollowell v. Commonwealth,* Ky., 492 S.W.2d 884 (1973); *Thacker v. Commonwealth,* Ky., 453 S.W.2d 566 (1970). It has also been held that the recanted testimony of a trial witness is viewed with suspicion and does not normally require the granting of a new trial. Fitzgerald, 8 *Ky.Prac.* § 933 (1978); *Hensley v. Commonwealth,* Ky., 488 S.W.2d 338 (1972).

Finally, we note that this identical issue has been argued in a number of cases from other jurisdictions, both at the federal and state levels. In the majority of those cases, the courts have held that previously unavailable evidence does not become "newly discovered evidence" upon becoming available. *U.S. v. Diggs,* 649 F.2d 731 (9th Cir.1981); *U.S. v. Metz,* 652 F.2d 478 (5th Cir.1981).

■ These cases have held that to succeed on a new trial motion such as this, the defendant must show that the evidence was discovered *after* the trial. *People v. Scheidt,* Colo. 528 P.2d 232 (1974). When a witness who has chosen not to testify subsequently comes forward to offer testimony exculpating a defendant, the evidence is not "newly discovered." *McAteer v. U.S.,* 148 F.2d 992 (5th Cir.1945); *U.S. v. Jacobs,* 475 F.2d 270, 286, n. 33 (2d Cir.), *cert. denied,* 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973); *Diggs, supra,* at 740.

Having examined the record in this case and the similar cases of other jurisdictions, we believe this Commonwealth should align itself with the majority on this issue.

■ In the case at bar, William Albert's testimony was or should have been known to appellant at the time of the trial when he sought, unsuccessfully, to call him as a witness. His brother's claimed willingness to testify now does not constitute newly discovered evidence. We also find that William's testimony merely corroborates the testimony of his brother, the appellant. As such, it would be cumulative and would contribute little to appellant's claim of self-defense. Moreover, we note that in many cases, the charges could be refiled and there would be no guarantee that the witness would not invoke his privilege against self-incrimination a second time.

We have previously held that "the granting of a new trial is a matter of judicial discretion, and unless there has been an abuse of discretion, we will not reverse." *Jillson v. Commonwealth,* Ky., 461 S.W.2d 542, 545 (1971).

We therefore hold that the trial court did not abuse its broad discretion in denying appellant's motion for a new trial based on newly discovered evidence. The judgment is affirmed.

All concur.