RENDERED:  DECEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1464-MR

TROMONTE DEMON RICE                                             APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE MUTH GOODMAN, JUDGE
ACTION NO. 16-CR-00119

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, JONES, AND McNEILL, JUDGES.

JONES, JUDGE:  The Appellant, Tromonte Demon Rice, appeals from the Fayette

Circuit Court's order denying his CR[1] 60.02 motion.  Having reviewed the record

and being otherwise sufficiently advised, we affirm.

---

[1]  Kentucky Rules of Civil Procedure.

# I. BACKGROUND

In December 2015, while Rice was on parole, the Division of Probation and Parole conducted a search of Rice's residence. During the search, officers located a loaded handgun under a bed. The gun was later identified as stolen property belonging to Mr. Lee Giles. Rice was read his *Miranda*[2] warnings by law enforcement after the gun was found, and he confirmed that he knew he was not allowed to be in possession of a firearm.

Rice's parole was revoked, and on February 1, 2016, a Fayette County grand jury indicted Rice for being a convicted felon in possession of a handgun and receiving stolen property (firearm). Acting with the assistance of counsel, Rice pleaded guilty to the charges in exchange for the Commonwealth's recommendation that Rice serve a five-year term with the Department of Corrections. Rice was sentenced on June 2, 2016, with the five-year sentence ordered to run consecutively to the sentence he was already serving following revocation of his parole.

Rice did not file a direct appeal or an RCr[3] 11.42 motion. However, on June 8, 2020, Rice, acting without the assistance of counsel, filed a post-conviction motion citing new evidence discovered "as of April 2020" in the form

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] Kentucky Rules of Criminal Procedure.

of an admission from his sister, Vashani Rice. According to the motion, Vashani, who was a minor at the time the firearm was seized, subsequently admitted to Rice that she had obtained the firearm and unbeknownst to Rice hid it under her bed.[4] Vashani indicated that she did not come forward when the gun was originally seized because she was still a minor and afraid of what would happen to her. The trial court appointed counsel to represent Rice, and in July 2020, Rice supplemented his motion with a handwritten affidavit from Vashani. The trial court denied the motion on November 15, 2022, on the grounds the motion was untimely brought. This appeal followed.[5]

## II. STANDARD OF REVIEW

The grant or denial of a motion for relief under CR 60.02 is within the "sound discretion" of a trial court and subject to reversal only on a finding of abuse of discretion. *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021). Abuse of discretion occurs where a trial court's decision was arbitrary,

---

[4] Rice explained that Vashani was living with him at the time, and she and her boyfriend slept on the bed in question while Rice slept on the couch.

[5] The record indicates the Department of Public Advocacy filed a motion to withdraw as counsel for Rice on September 21, 2021, on the basis this was not a motion "that a reasonable person with adequate means would be willing to bring at his or her own expense" under Kentucky Revised Statute (KRS) 31.110(2)(c). The trial court granted that motion on November 9, 2022. However, for reasons that are unclear from our review of the record, the Department of Public Advocacy continued to represent Rice after the trial court's denial of the post-conviction motion, including bringing and briefing this appeal on Rice's behalf.

unreasonable, unfair, or unsupported by sound legal principles. *Id.* (citation omitted). "The burden of proof falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009) (internal quotation marks and citation omitted).

### III. ANALYSIS

Rice argues the trial court erroneously denied his motion as untimely filed. Specifically, Rice asserts the trial court denied the motion as time barred under CR 60.02(b) which requires all motions asserting "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02" to be filed "not more than one year after the judgment, order, or proceeding was entered or taken." Instead, Rice contends the trial court should have permitted a review on the merits under CR 60.02(f) which provides that a motion predicated upon "any other reason of an extraordinary nature justifying relief" shall be filed "within a reasonable time."

Rice did not indicate which subsection of CR 60.02 he was relying upon. Regardless of the subsection applied, however, Rice's claim fails. *See Stoker*, 289 S.W.3d at 597 ("[W]e may affirm a trial court's ruling despite the fact that it reached the correct result for the wrong reason.").

Our Supreme Court has recognized that claims based upon newly discovered evidence may be maintained under CR 60.02(f) if such claims are time-barred under CR 60.02(b). *Foley v. Commonwealth*, 425 S.W.3d 880 (Ky. 2014). The real issue in this case is whether Vashani's affidavit may properly be construed as "newly discovered evidence."

"Newly discovered evidence is evidence that could not have been obtained at the time of trial through the exercise of reasonable diligence." *Commonwealth v. Harris*, 250 S.W.3d 637, 642 (Ky. 2008). We have previously recognized that CR 60.02(f) relief is available when a witness previously unknown to either the defendant or the Commonwealth comes forward. *Commonwealth v. Graham*, 586 S.W.3d 754, 768 (Ky. App. 2019). However, when a previously known witness "who has chosen not to testify subsequently comes forward to offer testimony exculpating a defendant, the evidence is not newly discovered." *Carwile v. Commonwealth*, 694 S.W.2d 469, 470 (Ky. App. 1985) (internal quotation marks and citation omitted).

The facts in this case mirror those in *Carwile*. Vashani was known to Rice at the time he pleaded guilty. While Vashani may not have been willing to admit that the gun was hers at the time Rice was prosecuted, Rice certainly should have been aware that the gun did not belong to him, and that it must have been hidden by someone else, presumably his sister or her boyfriend who were sleeping

-5-

in the bed where the gun was found. Even so, Rice chose to plead guilty to the charges, admitting both that he was in possession of the gun and that it was stolen. The fact that a witness, previously known to the defendant, has subsequently come forward with additional information is not the type of situation that justifies relief under CR 60.02(f). *Harris*, 250 S.W.3d at 642. Therefore, we hold that the trial court properly denied Rice's CR 60.02 motion.

Rice's final argument is that the trial court improperly treated his CR 60.02 as a motion for relief under RCr 11.42 without providing him with advance notice that it intended to do so. He requests us to vacate the order and remand this matter to the trial court to amend its order to remove any reference to RCr 11.42. While the trial court discussed RCr 11.42 relief, a review of the trial court's order makes clear that its denial was confined to CR 60.02, and that any reference to RCr 11.42 was mere dicta, making remand unnecessary. *Armstrong v. Estate of Elmore*, 647 S.W.3d 214, 219 (Ky. 2022) ("Dicta is commentary in a court's decision that is unnecessary to the ruling at hand.").

## IV. CONCLUSION

For the foregoing reasons, the order of the Fayette Circuit Court is affirmed.

ALL CONCUR.

-6-

BRIEFS FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky